IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROY BROWN,

        Petitioner,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　　No. CIV 21-1043 JB/JFR

ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO and MAJOR HORTON,
Warden,

        Respondents.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND DENYING PETITIONER'S MOTION FOR FULL DISCLOSURE**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition Regarding § 2254 Petition and Motion to Amend, filed February 15, 2023 (Doc. 21)("PFRD"); and (ii) the Petitioner's Motion for Full Disclosure of All Evidence and Exhibits Used During Petitioners [sic] Jury Trial, filed February 23, 2023 (Doc. 22)("Disclosure Motion"). On March 3, 2023, Petitioner Roy Brown filed his Objections to Proposed Findings and Recommendations of Petition (Doc. 24)("Objections").[1] The Respondents have not filed objections or a response to Brown's Objections. The Disclosure Motion is fully briefed. See Respondents' Response to Petitioner's Motion for Full Disclosure of All Evidence and Exhibits Used During Petitioner's Jury Trial [Doc. 22], filed February 28, 2023

---

[1] Pursuant to rules 6(d) and 72(b)(2) of the Federal Rules of Civil Procedure, objections were due no later than February 29, 2023. See Fed. R. Civ. P. 6(d), 72(b)(2). Brown signed his Objections on February 27, 2023, which the Clerk of the Court received and filed on March 3, 2023. See Objections at 3.

(Doc. 23)("Disclosure Response"); Petitioners [sic] Reply to Respondents [sic] Request to Deny Petitioners [sic] Motion for Full Disclosure, filed March 8, 2023 (Doc. 25)("Disclosure Reply").

The Court has conducted its de novo review of the case, including a thorough review of the evidence of record, and has considered each of Brown's Objections. The Court overrules Brown's objections, as they lack support in the relevant facts and the applicable law, and will adopt the PFRD in its entirety. The Court also has reviewed Brown's Disclosure Motion, and concludes that it also does not have a sound basis in the relevant facts or in the applicable law. The Court, therefore, will deny the Disclosure Motion.

## PROCEDURAL BACKGROUND

On October 28, 2021, Brown filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)("Petition"). When he filed his Petition, Brown was incarcerated at the Guadalupe County Correctional Facility, having been convicted of criminal sexual penetration, burglary, aggravated battery, and resisting, evading and obstructing an officer.[2] See Petition ¶ 5, at 1. In the Petition, Brown notes that he appealed his underlying conviction to the Court of Appeals of New Mexico, which denied his appeal, and petitioned the Supreme Court of New Mexico for a writ of certiorari, which the Supreme Court of New Mexico denied. See Petition ¶ 9, at 2-3. Brown also notes that he filed a habeas petition before the State trial court on January 29, 2021, which the State trial court summarily dismissed three months later, and that he petitioned the Supreme Court of New Mexico again for a writ of certiorari to review this dismissal, which the Supreme Court of New Mexico denied. See Petition ¶ 11, at 3-4. Brown raises three grounds for his Petition before the Court: (i) sufficiency of evidence; (ii) newly discovered

---

[2]Brown is currently housed at the Lea County Correctional Facility, in Hobbs, New Mexico. See Notice of Address Change, filed April 24, 2023 (Doc. 26).

evidence; and (iii) ineffective assistance of counsel. See Petition ¶ 12, at 5-8. Brown also filed the Petitioners' [sic] Motion to Amend Ground #1 and Ground #2 as Follows Within Roy Brown's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. #1), And to Amend Said Petition to Delete the Unexhausted Claims that May Remain, filed September 28, 2022 (Doc. 16)("Amend Motion"). In the Amend Motion, Brown requests leave to amend and "delete the unexhausted claims that may remain." Amend Motion at 1.

The Court referred this matter to the Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, to conduct hearings and to submit a PFRD recommending to the Court the case's ultimate disposition. See Order of Reference Relating to Prisoner Cases, filed November 18, 2021 (Doc. 3). Magistrate Judge Robbenhaar submitted his PFRD on February 15, 2023. See PFRD at 1-24. Magistrate Judge Robbenhaar first recommends that the Court deny the Amend Motion, because it is "'perfectly clear'" that any unexhausted issues which Brown raises in his Petition and which he seeks to excise from the Court's consideration do not raise colorable federal claims, and, thus, "it is appropriate for the Court to address the unexhausted issues, rather than holding these proceedings in abeyance while Petitioner exhausts them in state court." PFRD at 9 (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987)).

Magistrate Judge Robbenhaar next presents recommendations on each of the three grounds that Brown provides in his Petition. See PFRD at 9-23. Regarding Brown's first Petition ground -- whether sufficient DNA or other evidence supports Brown's conviction -- Magistrate Judge Robbenhaar reviews the testimony and documentary evidence presented to the jury at trial, and "has no difficulty concluding that the evidence presented at trial was amply sufficient to sustain the jury's guilty verdicts." PFRD at 14. Accordingly, Magistrate Judge Robbenhaar

recommends that the Court deny Brown's first claim. See PFRD at 15. Regarding Brown's second Petition ground -- whether newly discovered evidence entitles Brown to relief -- Magistrate Judge Robbenhaar considers Brown's argument that two pieces of newly discovered evidence justify habeas relief, namely that Chris McCasland, the lead investigating officer involved in Brown's arrest, was not certified to use a Taser, and was later the defendant in a criminal case. See PFRD at 15-18; Petition ¶ 1, at 22-23. Magistrate Judge Robbenhaar determines that Brown raised this argument in his State habeas petition and that the State court denied the petition on those grounds. See PFRD at 17-18. Because Magistrate Judge Robbenhaar concludes that Brown "has made no showing that the state court unreasonably reached its conclusion" and that the proffered evidence would not have changed Brown's outcome at trial, Magistrate Judge Robbenhaar recommends that the Court deny his claim. PFRD at 18. Magistrate Judge Robbenhaar reviews additionally Brown's claim for illegal search and seizure with respect to items which the jail seized upon Brown's booking or which law enforcement officers seized incident to Brown's arrest. See PFRD at 18. He concludes that Brown did not file a motion before the State trial court to suppress this evidence and that Brown does not show that the admission of such evidence violated his federal constitutional rights such that consideration of the issue would be appropriate in the federal habeas context. See PFRD at 18. Accordingly, Magistrate Judge Robbenhaar recommends that the Court deny this claim. See PFRD at 18. Finally, Magistrate Judge Robbenhaar reviews Brown's third ground -- that he received ineffective assistance of counsel. See PFRD at 19-23. Magistrate Judge Robbenhaar notes that Brown asserts five reasons that his counsel was ineffective: (i) his trial counsel did not discover an allegedly illegal search and seizure; (ii) his trial counsel did not challenge his post-arrest interrogation's admissibility; (iii) his trial counsel did not highlight that another man was at the crime scene and could have proffered evidence to contradict some of the

victim's testimony; (iv) his appellate counsel had minimal contact with him during the appeal; and (v) his trial and appellate counsel hindered him by not providing full discovery materials, thereby impacting his ability to present his habeas claims. See PFRD at 19-22. Magistrate Judge Robbenhaar reviews the trial evidence and law regarding deference to the State court and counsel's decision-making, and recommends that the Court deny each of these five claims. See PFRD at 19-23 (citing Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Strickland v. Washington, 466 U.S. 668, 689 (1984)). Magistrate Judge Robbenhaar concludes by recommending that the Court deny Brown's Petition and deny him a certificate of appealability ("COA"). See PFRD at 23-24.

**RELEVANT LAW REGARDING REVIEW OF MAGISTRATE JUDGE'S REPORT**

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a Magistrate Judge to submit a PFRD for the disposition of any case pending before the Court, including habeas cases. See 28 U.S.C. § 636(b)(1)(B). Where a party timely objects to the Magistrate Judge's proposed disposition, the Court conducts a de novo review of all portions of the recommendation to which there have been objections, and "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1)(C). De novo review requires the district judge to consider relevant evidence of record and not merely to review the Magistrate Judge's recommendation. See In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. 2121 East 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996). In other words, failure to make a timely and specific objection to a PFRD or any of the PFRD's individual aspects waives de novo or appellate review.

**RELEVANT LAW REGARDING HABEAS CORPUS REVIEW**

In federal habeas proceedings, the appropriate inquiry into a sufficiency-of-the-evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979)(emphasis in original). The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), additionally directs that, where the State court already has addressed the claim, the Court's review is further limited. See Valdez v. Ward, 219 F.3d 1222, 1237 (10th Cir. 2000). The Jackson v. Virginia inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit. See Herrera v. Collins, 506 U.S. 390, 402 (1993).

**ANALYSIS**

In the PFRD, Magistrate Judge Robbenhaar concludes that the Petition presents both exhausted and unexhausted claims, but concludes that deciding the Petition -- rather than holding the matter in abeyance and allowing Brown the opportunity to pursue the unexhausted claims in State court -- is warranted. See PFRD at 7-9. The Court agrees with Magistrate Judge Robbenhaar's analysis, as, after its own de novo review, the Court concludes that Brown's unexhausted claims do not raise a colorable federal constitutional claim. See Hoxsie v. Kerby, 108 F.3d 1239, 1242 (10th Cir. 1997)("[W]e conclude that it is appropriate to address the merits of a habeas petition notwithstanding the failure to exhaust available state remedies where, as here, 'the interests of comity and federalism will be better served by addressing the merits forthwith.'") (quoting Granberry v. Greer, 481 U.S. at 134). The record demonstrates that Brown has not exhausted in the State courts his arguments regarding sufficiency of the evidence or an alleged

illegal search and seizure. See Defendant-Appellant's Brief in Chief (dated February 21, 2019), filed September 20, 2022 (Doc. 14-1 at 71-114). Nonetheless, because the Court is convinced that the State court would not grant either claim, it is in the interests of Brown, the Respondents, the State courts, and the federal courts, to address the matters now. See Granberry v. Greer, 481 U.S. at 135 (stating that, if it is "perfectly clear" that the unexhausted issue does not raise a colorable federal claim, federal courts may deny the habeas petition in "the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts").

**I.      THE COURT OVERRULES BROWN'S OBJECTIONS.**

Brown first objects to the PFRD's finding that the State's expert witness on DNA analysis testified that Brown was found to be the major contributor of male DNA from the swab taken from the victim's right hand. See Objections at 1. Brown states that nowhere in the expert witness' report does it state that Brown is a "definitive match to any major or minor DNA found from any swabs taken from the alleged victim." Objections at 1-2 (citing Laboratory Report at 96, 98 (dated November 7, 2016), filed September 20, 2022 (Doc. 14-2 at 95)). Brown points to the Laboratory Report's initial conclusion, which states that, while human male DNA was identified on swabs taken from the victim, that male DNA was "'not in sufficient quantity for conventional STR DNA testing.'" Objections at 1 (quoting Laboratory Report at 96). Although Brown cites to the Laboratory Report, he overlooks the Laboratory Report's findings regarding Y-STR testing,[3]

---

[3]"Y-STR" is shorthand for "Y-chromosomal short tandem repeat." Amy Jeanguenat, Y-STR Testing: Enhancing Sexual Assault and Cold Case Workflows (2018) at 1 ("Y-STR Testing"). Y-STR testing is a specialized form of DNA testing that "explicitly target STR regions on the male Y chromosome that is passed down through the paternal lineage (i.e., father to son). By specifically targeting the Y-chromosome, a Y-STR profile can be unmasked in the presence of female DNA." Y-STR Testing at 1.

which, as it relates to the swab taken from victim's right hand, concludes that "Roy Brown and any paternal male relative cannot be eliminated as a possible source of the major male Y-STR DNA profile resolved from this item." Laboratory Report at 98. While Brown argues that a "definitive match" is required for a conviction, see Objections at 1-2, he ignores the State's expert witness' trial testimony where she explained that Y-STR testing -- as opposed to conventional STR testing -- revealed that Brown was the major contributor of male DNA on the swab taken from the victim's hand. See Jury Trial CD at 17:19:00 (dated September 11, 2017, through September 13, 2017), lodged September 20, 2022 (no document number, text-only entry); Notice of Lodging of Jury Trial CDs from *State of New Mexico v. Roy Brown*, D-911-CR-2016-00106, filed September 20, 2022 (Doc. 15)("Notice of Lodging"). While "major" might imply there was a second, "minor" contributor, the jury resolved any such conflict in favor of conviction, and the Court does not conclude that the jury's decision to convict was somehow irrational. See Herrera v. Collins, 506 U.S. at 402 (noting that the relevant inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit). The Court's de novo review finds Brown's first Objection lacks a sound basis in the applicable law and relevant facts. The Court, therefore, will overrule the first Objection.

Second, Brown attacks the victim's initial identification of him as the perpetrator and argues that the photograph used was a cell-phone photograph that the officers took of Brown at the scene and presented to the victim moments later. See Objections at 2. Brown contends that no evidence proves that the victim identified Brown "except for an officer who admits to have called in the wrong description over dispatch with no explanation as to why." Objections at 2. Brown also states that there is "no evidence of [the victim's] reaction," but shortly thereafter states that the "victim's reaction to petitioners [sic] photo under duress is inadmissible." Objections at

2. Before trial, Brown's counsel filed a Motion to Suppress Identification (dated December 8, 2016), filed September 20, 2022 (Doc. 14-1 at 10)("Suppression Motion"), seeking to prevent the State from introducing evidence of this photographic identification. See Suppression Motion at 10-15. The State trial court denied the motion. See Decision and Order on Defendant's Motion to Suppress Identification at 21 (dated March 8, 2017), filed September 20, 2022 (Doc. 14-1 at 18). To the extent that Brown objects to the State court's evidentiary rulings, that objection is misplaced and without merit. See Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999)("Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[F]ederal habeas corpus relief does not lie for errors of state law."). The Court concludes that Brown's second Objection lacks a sound basis in the applicable law and relevant facts. The Court, therefore, will overrule the second objection.

Brown's third argument advances the theory that, because, years after Brown's trial, criminal charges were brought against McCasland based on conduct that occurred before Brown's trial, Brown suffered a violation of his federal constitutional right to due process of law and to a fair trial, because this evidence would have impacted McCasland's credibility before the jury. See Objections at 3; PFRD at 16. Brown argues additionally that, "[f]rom the date [McCasland] committed the criminal acts[,] he was no longer considered to operate or perceive himself as an officer[,] therefore all arrest[s] made after his crimes between 2013-2016 are void . . . ." Objections at 3 (citing N.M.S.A. § 29-7-2, -6, and -13 (1993); N.M.S.A. § 4-41-8 (1978); 42 U.S.C. § 1983; 70 A.L.R. Fed. 17 (2023)).[4] While Brown cites New Mexico statutes regarding law

---

[4] 70 A.L.R. Fed. 17 (2023) is titled: "Liability of supervisory officials and governmental entities for having failed to adequately train, supervise, or control individual peace officers who

enforcement training and officer certification, as well as the federal civil rights statute, he does not articulate how criminal charges brought against McCasland -- years after Brown's trial and for conduct that predated Brown's trial -- somehow entitles Brown to federal habeas relief.  Brown points to no evidence that McCasland was not commissioned as an officer, nor to any authority that McCasland's unrelated, wrongful conduct entitles Brown to a new trial.  Further, Brown presented this claim to the State district court in his State habeas proceeding.  See Petition for Writ of Habeas Corpus at 182-257 (dated January 29, 2021), filed September 20, 2022 (Doc. 14-1 at 182).  The State district judge summarily denied this claim.  See Decision and Order of Summary Dismissal at 66 (dated April 20, 2021), filed September 20, 2022 (Doc. 14-2 at 64).  The Court's de novo review demonstrates that the State district court's adjudication of Brown's claim was not contrary to clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented.  See 28 U.S.C. § 2254(d)(1), (2).  Accordingly, the Court must defer to the State court adjudication and overrule Brown's third Objection.

Finally, Brown argues that his trial and appellate attorneys, as well as the State court and district attorney's office, "hindered" him in his case.  Objections at 3.  Brown states that he asked these individuals and entities for his "complete discovery," which, even today, Brown still lacks.  Objections at 3.  Brown contends that he never has seen all of the officers' lapel camera footage, photographs, the trial record, all trial exhibits, or the district attorney's full discovery.  See Objections at 3.  Brown states that, because he lacks these materials, his present Petition is

---

violate plaintiff's civil rights under 42 U.S.C.A. § 1983."  The annotation contains approximately 687 pages and "collects and analyzes the cases in which the federal courts have discussed or decided whether, or under what circumstances, a supervisory official or a governmental entity can be held liable under 42 U.S.C.A. § 1983, hereinafter referred to as § 1983, for having failed adequately to train, supervise, or control individual peace officers who have violated a plaintiff's civil rights."  70 A.L.R. Fed. 17 § 1[a].

"barren." Objections at 3. Beyond claiming a need for his "complete discovery," however, Brown does not articulate how this purported lack of materials affects his federal constitutional rights. The Court is satisfied that Brown has all necessary materials to present his legal claims, and that the record before the Court amply supports his convictions and the Magistrate Judge Robbenhaar's recommendations. The Court concludes that Brown's fourth objection lacks a sound basis in the applicable law and relevant fact. Accordingly, the Court will overrule Brown's fourth Objection.

## II.    THE COURT DENIES BROWN'S DISCLOSURE MOTION, BECAUSE IT LACKS A SOUND BASIS IN THE APPLICABLE LAW AND RELEVANT FACTS.

By separate motion, Brown asks the Court to compel Respondent Attorney General of the State of New Mexico, Raúl Torrez, to produce "all trial exhibits and evidence," which the Court may then "review and compare to the Petitioner's and State's arguments." Disclosure Motion at 1. Brown lists the items that he seeks to have disclosed to the Court, including: (i) "[a] complete copy of the jury trial CD which would cover the dates of 09-11-2017 -- 09-18-2017"; (ii) "[a]ll photos presented as states exhibits during trial"; and (iii) "[a]ll lapel camera footage presented at trial from ALL officers involved with petitioners arrest." Disclosure Motion at 1 (capitalization in original). Brown seeks judicial review of "this material which has been part of the petitioners right to a fair and 'meaningful opportunity to present a complete defense.'" Disclosure Motion at 2 (quoting Crane v. Kentucky, 476 U.S. 683, 620 (1986)).

The Respondents object to Brown's Disclosure Motion and note that recordings of the entire jury trial were provided to the Court prior to the PFRD's issuance. See Disclosure Response at 1-2. The Respondents also object to the disclosure of photographs and exhibits to the Court, because such disclosure would be "tantamount to asking for a 'retrial' in federal court." Disclosure Response at 2. Additionally, the Respondents argue that federal courts must apply a deferential

review to State court determinations, a standard which serves "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law[.]" Disclosure Response at 2 (quoting Bell v. Cone, 535 U.S. 685, 693 (2002)). The Respondents conclude by stating that federal habeas corpus review is not "'a vehicle to second-guess the reasonable decisions of state courts.'" Disclosure Response at 2 (quoting Renico v. Lett, 559 U.S. 766, 779 (2010)).

The Court declines Brown's request to order the Respondents to lodge with the Court all exhibits and camera footage for its independent review. The Court notes that the recordings of Brown's trial already have been lodged with the Court, see Notice of Lodging at 1, and the PFRD demonstrates that Magistrate Judge Robbenhaar closely reviewed those recordings in addressing Brown's § 2254 claims, see, e.g., PFRD at 10-13. The Court will not engage in further review of the evidence presented at trial, because doing so would invite the Court to engage in second-guessing the reasonable decisions of the State court. See Renico v. Lett, 559 U.S. at 779. The Court, therefore, will deny the Disclosure Motion.

### III.     THE COURT DENIES BROWN A COA.

Finally, the Court considers whether Magistrate Judge Robbenhaar erred by recommending against the issuance of a COA. The standard in Buck v. Davis, 580 U.S. 100 (2017), establishes that the "only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" 580 U.S. at 115 (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(stating that the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

The Court agrees with Magistrate Judge Robbenhaar, and concludes that Brown has not demonstrated that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong.  See PFRD at 23 (citing Slack v. McDaniel, 529 U.S. at 484).  The Court concludes that the State court's adjudication is not contrary to clearly established federal law or otherwise is not an unreasonable determination of this case's facts.  See 28 U.S.C. § 2254(d).  Accordingly, the Court concludes that it is not error for Magistrate Judge Robbenhaar to recommend against the issuance of a COA.

**IT IS ORDERED** that: (i) the Petitioner's Objections to Proposed Findings and Recommendations of Petition (Doc. 24), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition Regarding § 2254 Petition and Motion to Amend, filed February 15, 2023 (Doc. 21), is adopted; (iii) the Petitioners' [sic] Motion to Amend Ground #1 and Ground #2 as Follows Within Roy Brown's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. #1), And to Amend Said Petition to Delete the Unexhausted Claims that May Remain, filed September 28, 2022 (Doc. 16), is denied; (iv) the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed October 28, 2021 (Doc. 1), is denied; (v) a certificate of appealability will not issue; and (vi) the Petitioner's Motion for Full Disclosure of All Evidence and Exhibits Used During Petitioners [sic] Jury Trial, filed February 23, 2023 (Doc. 22), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Roy Brown
Hobbs, New Mexico

    *Petitioner pro se*

Raúl Torrez
  New Mexico Attorney General
Jane Bernstein
Michael J. Thomas
  Assistant Attorneys General
Office of the New Mexico Attorney General
Albuquerque, New Mexico

    *Attorneys for the Respondents*